**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ST. MARYS REFINING COMPANY, a
West Virginia corporation; GO-
MART, INCORPORATED, a West
Virginia corporation,
Plaintiffs-Appellants,

v.

HERBERT A. SULLIVAN,

INCORPORATED, a Massachusetts
corporation; J. HERBERT SULLIVAN
INSURANCE AGENCY, INCORPORATED, a
Massachusetts corporation;
PETROLEUM INSURANCE AGENCY,
INCORPORATED, a Massachusetts
corporation,
Defendants-Appellees.

No. 96-2041

ST. MARYS REFINING COMPANY, a
West Virginia corporation; GO-
MART, INCORPORATED, a West
Virginia corporation,
Plaintiffs-Appellants,

v.

HERBERT A. SULLIVAN,

No. 96-2105

INCORPORATED, a Massachusetts
corporation; J. HERBERT SULLIVAN
INSURANCE AGENCY, INCORPORATED, a
Massachusetts corporation;
PETROLEUM INSURANCE AGENCY,
INCORPORATED, a Massachusetts
corporation,
Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-93-172-1)

Argued: April 9, 1997

Decided: May 5, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Philip Melick, JACKSON & KELLY, Charleston,
West Virginia, for Appellants. John Sutton Stump, MCGUIRE,

2

WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellees. **ON BRIEF:** Steven P. Franckhauser, BURNS, WHITE & HICKTON, L.L.C., Wheeling, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Sullivan Risk Management Group ("SRMG") is a collection of four companies. As SRMG, the companies offer an insurance program to members of the Society of Independent Gasoline Marketers of America (the "SIGMA Program"). SRMG is a domestic broker for overseas insurance underwriters, and also provides a number of independent services as part of its SIGMA Program. These services include: 1) warranting the nature, condition and value of the property and risks presented to be insured; 2) conducting the inspections, surveys and oversight required to maintain the insurance program; and, 3) managing the accepted risks and any claims asserted against the insured.

Go-Mart, Inc., a large retailer of gasoline and convenience store products, selected its insurance carrier through an annual bidding process. SRMG submitted a bid in late 1989 and engaged in negotiations with Go-Mart. Go-Mart then chose SRMG to provide insurance coverage for 1990. SRMG's premium survey itemized the premiums for each line of insurance and included a separate charge for "loss control" services provided by one of the SRMG companies, Cost Control Corp. Go-Mart was also given a "Program Description and Cost Allocation" document stating, inter alia, that the insurance program was "an integral whole and not designed to be fragmented by the elimination of certain of its components."

Although the original insurance coverage purchased by Go-Mart did not include environmental impairment liability (i.e. pollution)

3

insurance, Go-Mart added this coverage in the spring of 1990. In 1991, Go-Mart formed an affililate, St. Marys Refining Co. Initially insured through Go-Mart, St. Marys eventually established a separate bidding process. SRMG provided insurance for both companies until the end of 1992. Go-Mart and St. Marys received the insurance coverage requested at the established prices, and these prices compared favorably with those obtained from competing brokers in 1989 and 1993.

In late 1993, Go-Mart and St. Marys filed a diversity suit in federal district court alleging that three of the four companies in SRMG, but not Cost Control Corp., had overcharged them for insurance coverage. The legal claims included statutory misrepresentation, breach of contract, and common law fraud. During the jury trial, Go-Mart and St. Marys proceeded on two theories of liability. First, they alleged that SRMG could only charge as a "premium" the amount paid to the underwriters for risk transfer. Second, they alleged that SRMG defrauded them by concealing that more was being paid for survey, appraisal, risk management and claims management than the portion of charges billed as "loss control" or "risk control" by Cost Control Corp.

At the close of the plaintiffs' case-in-chief, SRMG moved for judgment as a matter of law on all of the claims pursuant to Federal Rule of Civil Procedure 50. The district court found that"[t]here was a bargain or agreement to provide certain coverages at a certain price and it was delivered." Go-Mart and St. Marys presented no evidence that they could have obtained less expensive or more favorable insurance coverage. Therefore, the district court granted SRMG's motion as to the statutory misrepresentation and breach of contract claims based on the lack of evidence establishing damages. The trial then proceeded only on the issue of common law fraud.

In support of their fraud claims, Go-Mart and St. Marys asserted that they were misled by SRMG's description of the SIGMA Program. They believed that all of the costs associated with the coverages they purchased, other than the cost of risk transfer and any related commissions, would be billed to them by Cost Control Corporation. Instead, SRMG billed some of these additional costs as "premium." SRMG also allegedly owed Go-Mart and St. Marys a fiduciary duty

4

based on a broker-client relationship. At the close of all evidence, SRMG renewed its motion for judgment as a matter of law on the fraud claims. The district court found no evidence of reliance, a necessary element of common law fraud,[1] and granted SRMG's motion. By subsequent order, the district court dismissed the case on its merits. Go-Mart and St. Marys appeal the district court's rulings.

In federal diversity cases, once a party raises the issue of whether a jury question has been presented, a district court must determine "whether there is evidence on which a jury properly can base a verdict."[2] Our review of a district court's grant of a Rule 50 motion is plenary.[3]

Having carefully reviewed the record, considered the submissions of the parties, and heard oral argument, we find no error in the district court's rulings. Accordingly, the judgment of the district court is affirmed.

AFFIRMED

_____

[1] **See Lengyel v. Lint**, 280 S.E.2d 66, 69 (W. Va. 1981) (listing elements of fraud under West Virginia law).
[2] **Charleston Area Medical Ctr. v. Blue Cross**, 6 F.3d 243, 247 (4th Cir. 1993).
[3] **Benner v. Nationwide Mut. Ins. Co.**, 93 F.3d 1228, 1234 (4th Cir. 1996).

5